**Anahit BADALIAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70147.

INS No. A70–225–082.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 15, 2001.

---

* John E. Potter is substituted for his predecessor in office pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, KLEINFELD, and McKEOWN, Circuit Judges.

MEMORANDUM **

Anahit Badalian, a native and citizen of Armenia, petitions for review the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an immigration judge's denial of her application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a).[1] We review for substantial evidence credibility findings of the BIA. *Turcios v. INS,*

821 F.2d 1396, 1399 (9th Cir.1987). We grant the petition, reverse and remand.

The BIA's adverse credibility determination was the sole basis for its dismissal of petitioner's appeal. Because the BIA's adverse credibility determination was based in part on an erroneous finding that petitioner did not mention that she was raped in her first asylum application and that she failed to mention a prior marriage at the hearing, we reverse the BIA's credibility determination and remand for a new proceeding before the BIA to determine whether petitioner has established past persecution or a well founded fear of future persecution. *See Ramos–Vasquez v. INS,* 57 F.3d 857, 864 (9th Cir.1995) (BIA's decision reversed and remanded where BIA's adverse credibility determination was not based on substantial evidence); *Shah v. INS,* 220 F.3d 1062, 1068 (9th Cir.2000) (holding that discrepancies that are not attempts to enhance persecution claim cannot serve as a basis for an adverse credibility finding).

PETITION FOR REVIEW GRANTED; REVERSED AND REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. *See* IIRIRA § 309(c)(1).